# UNITED STATES DISTRICT COURT

for the

**Eastern District of Kentucky**
**Covington Division**

| | | |
|---|---|---|
| Jeffery Johnson | ) | |
| Joan Johnson | ) | |
|     *Plaintiffs* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Capital One Auto Finance, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Co. | ) | |
|     211 E. 7th Street | ) | |
|     Suite 620 | ) | |
|     Austin, TX 78701 | ) | |
| | ) | |
| Viking Client Services, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Kentucky Secretary of State | ) | |
| | ) | |
| Verifacts, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Sheila Rae Gabler | ) | |
|     204 First Ave. | ) | |
|     Sterling, IL 61081 | ) | |
| | ) | |
| Diversified Adjustment Service, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Kentucky Secretary of State | ) | |
| | ) | |
| Experian Information Solutions, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     C T Corporation System | ) | |
|     306 W Main Street | ) | |
|     Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |

Cavalry Portfolio Services, LLC                    )
     *Defendant*                                          )
Serve:                                                           )
     The Corporation Trust Company       )
     Corporation Trust Center                      )
     1209 Orange Street                               )
     Wilmington, DE 19801                        )
                                                                   )
Financial Recovery Services, Inc.               )
     *Defendant*                                          )
Serve:                                                           )
     Kentucky Secretary of State               )
                                                                   )

## <u>COMPLAINT and DEMAND FOR JURY TRIAL</u>

### INTRODUCTION

1.     This is an action by consumers seeking damages relief for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681 *et seq.,* which was enacted to promote fairness and accuracy in credit reporting, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2.     Plaintiffs Jeffery and Joan Johnson have several items of false information on each of their consumer reports. Plaintiffs tried to get this false information removed from their consumer reports through the FCRA's dispute process and through dispute letters filed directly with the furnishers of false and incorrect information. Some of their efforts were successful, but some were not. Plaintiffs bring this action to correct the errors and false information on their consumer reports.

### JURISDICTION

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. § 1622a *et seq.*, and 15 U.S.C. §1681p.

### PARTIES

4.     Plaintiff Jeffery Johnson is a natural person who resides in Grant County, Ky. Plaintiff is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

5.     Plaintiff Joan Johnson is a natural person who resides in Grant County, Ky. Plaintiff is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

6.     Defendant Capital One Auto Finance, Inc. ("Capital One") is a foreign limited liability corporation, which is not registered with the Kentucky Secretary of State, and is engaged in the business of providing financing for vehicle purchases. Capital One's principal place of business is located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

7. Capital One is a "furnisher" of information and a "user" of consumer reports within the meaning of the FCRA.

8. Defendant Viking Client Services, Inc. ("Viking"), which is not registered with the Kentucky Secretary of State, is a third-party debt collector. Viking's principal place of business is located at 7500 Office Ridge Circle, #100, Eden Prairie, MN 55344.

9. Viking regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

10. Defendant Verifacts, Inc. is an Illinois corporation that has not registered with the Kentucky Secretary of State. Verifacts' principal place of business is located at 204 1st Avenue, Sterling, IL 61081.

11. Verifacts is a "user" of consumer reports within the meaning of the FCRA.

12. Diversified Adjustment Service, Inc. ("Diversified")is a Minnesota corporation that has not registered with the Kentucky Secretary of State. Diversified's principal place of business is located at 600 Coon Rapids Blvd, Coon Rapids, MN 55434.

13. Defendant Diversified regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6) and is a "furnisher" of information and a "user" of consumer reports within the meaning of the FCRA.

14. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Experian has registered to do business with Kentucky Secretary of State. Experian is a "consumer reporting agency" within the meaning of the FCRA.

15. Defendant Cavalry SPV I, LLC is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. Cavalry is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. Cavalry's principal place of business is located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

16. Cavalry regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

17. Defendant Financial Recovery Services, Inc. ("FRS") is a Minnesota corporation that has not registered with the Kentucky Secretary of State. FRS's principal place of business is located at 4900 Viking Drive, Edina MN 55435.

18. FRS is a "user" of consumer reports within the meaning of the FCRA.

**STATEMENT OF FACTS**

19.     Mr. and Mrs. Johnson began a quest in 2013 to clean up their credit reports in order to increase their credit scores.

20.     They have two separate and distinct reasons for wanting to increase their credit scores.

21.     Mr. Johnson wants to increase his score in order to qualify for bonding that will allow him to increase his business and take advantage of other business opportunities.

22.     The bonding company has informed Mr. Johnson that he cannot and will not qualify until credit scores improve.

23.     Mr. Johnson has lost business opportunities as a result of his low credit score.

24.     Mr. and Mrs. Johnson also want to purchase a home in order to fulfill their American dream and to take advantage of historically low interest rates.

25.     The Johnsons' credit scores have kept them from qualifying for a home loan.

26.     The Johnsons have spent considerable time and energy toward cleaning up their credit reports and cleaning up their credit scores.

27.     The Johnsons' have out-of-pocket expenses that include postage, mileage, and office supplies.

**I.      Facts Relating to Capital One Auto Finance, Inc.**

28.     In 2005, Jeffery Johnson purchased a 2005 Jeep Liberty that he financed through Capital One Auto Finance, Inc.

29.     Later in the same year, Mr. Johnson filed for Chapter 7 bankruptcy relief in the Eastern District of Kentucky.

30.     Mr. Johnson reaffirmed the debt with Capital One, which was filed in his bankruptcy case on February 17, 2006.

31.     Mr. Johnson was unable to stay current on his payments to Capital One and voluntarily surrendered the Jeep in mid-2006.

32.     Consequently, under 15 U.S.C. § 1681c, the seven-year limitations period for reporting the debt should have begun in late 2006 but no later than early 2007.

33.     So the Capital One debt should either have dropped off Mr. Johnson's consumer reports as of the date of this complaint or be scheduled to drop off in early 2014.

34.     Mr. Johnson recently sent dispute letters concerning the Capital One debt to all three of the major consumer reporting agencies: Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC.

35.     Upon information and belief, Experian, Equifax, and Trans Union notified Capital One concerning Mr. Johnson's dispute, which triggered Capital One's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

36.     Neither Equifax nor Trans Union is reporting any information concerning the Capital One debt on Mr. Johnson's consumer report.

37.     Experian continues to report derogatory information concerning the Capital One debt on Mr. Johnson's consumer report.

38.     Mr. Johnson's Experian consumer report falsely states that the Capital One debt is scheduled to continue on record until Nov. 2014.

39.     Mr. Johnson's Experian consumer report concerning the Capital One debt is false because it states the wrong date on which the debt is required to be removed from Mr. Johnson's consumer report.

40.     Upon information and belief, Capital One failed to conduct a reasonable investigation into Mr. Johnson's dispute concerning the information Capital One is reporting to Experian and other consumer reporting agencies.

## II.     Facts Relating to Viking Client Services, Inc.

41.     In September 2013, Mr. Johnson obtained a copy of his consumer report from Trans Union.

42.     According to Mr. Johnson's Trans Union consumer report, Viking requested and obtained a copy of Mr. Johnson's Trans Union consumer report on September 14, 2012.

43.     Also in September 2013, Mr. Johnson sent a dispute letter to Trans Union that challenged Viking's right to obtain a copy of his consumer report.

44.     In response to his letter, Viking sent Mr. Johnson a letter that falsely stated that Viking pulled a copy of Mr. Johnson's credit report in connection with a debt originated by MHC Receivables, LLC and currently owned by LVNV Funding, LLC.

45.     Viking's letter was false because MHC Receivables does not originate or extend credit.

46.     MHC was not and could not be the original creditor of a debt owed by Mr. Johnson.

47.     Consequently, Viking did not have a permissible purpose for requesting a copy of

Mr. Johnson's Trans Union consumer report.

### III.    Facts Relating to Verifacts, Inc.

48.    Verifacts, Inc. requested a copy of Mr. Johnson's Trans Union credit report on 02/09/2012, listing its permissible purpose as "Collection."

49.    In October of 2013, Mr. Johnson sent a letter to Verifacts requesting that it explain its reasons for obtaining a copy of his Trans Union credit report.

50.    Also in October 2013, Mr. Johnson sent a dispute letter to Trans Union disputing Verifacts' request for his credit report.

51.    Verifacts has not responded to Mr. Johnson's dispute letters.

52.    Mr. Johnson has no known relationship with Verifacts.

53.    Mr. Johnson does not have an account with Verifacts.

54.    Verifacts has never contacted Mr. Johnson concerning collection of a debt from him.

55.    Verifacts has never extended a firm offer of credit to Mr. Johnson.

56.    Upon information and belief, Verifacts did not have a permissible purpose for requesting Mr. Johnson's credit report.

### IV.    Facts Relating to Experian Information Solutions, Inc.

57.    In September 2013, Mr. Johnson sent dispute letters to Experian, Equifax, Trans Union, and furnishers of erroneous information on his credit reports.

58.    Mr. Johnson's dispute letters included disputes as to information reported by Capital One Auto Finance, Inc. and GLA Collection Co., Inc. ("GLA").

59.    As to GLA, Mr. Johnson disputed two debts reported by GLA.

60.    The GLA debts were both originated by Medical-Radiology Associates of Northern Kentucky.

61.    The GLA debts bore GLA Acct. #'s 1208086000669**** in the amount of $295.00, and 411086000598**** in the amount of $78.00.

62.    GLA replied to Mr. Johnson's dispute letters.

63.    GLA's reply to Mr. Johnson included documents establishing that Mr. Johnson was

not responsible for GLA Acct. # 411086000598**** in the amount of $78.00. In particular, GLA's documents establish that Mr. Johnson's wife, Joan Johnson, was solely responsible for this account.

64.    In October or November 2013, Mr. Johnson sent another round of dispute letters to Experian, Equifax, and Trans Union.

65.    This second round of letters disputed GLA Acct. #'s 1208086000669**** in the amount of $295.00, and 411086000598**** in the amount of $78.00, and the debt reported by Capital One.

66.    Despite the clear proof that Mr. Johnson was not responsible for GLA Acct. # 411086000598**** in the amount of $78.00, Experian refused to delete the false and incorrect information.

67.    Upon information and belief, it is a common practice for debt collectors and creditors collecting medical debt to report negative information concerning debts owed by one spouse on both spouses' credit reports.

68.    As to Capital One, despite Mr. Johnson's repeated requests, Experian continues to erroneously report that the debt is scheduled to remain on his Experian credit report until November 2014.

69.    After receiving Mr. Johnson's dispute letter, Experian failed to evaluate or to consider the claims set forth in Mr. Johnson's dispute.

70.    Experian did not make any attempt to substantially or reasonably verify Capital One's representation as to the start date for the limitations period for reporting the debt.

## V.    Facts Relating to Diversified Adjustment Service, Inc.

71.    In early September 2013, Ms. Johnson reviewed her credit report from Experian.

72.    Ms. Johnson's Experian credit report included negative information reported by Diversified.

73.    Diversified reported that Ms. Johnson was indebted in the amount of $795.00.

74.    Upon information and belief, Diversified was attempting to collect a debt originated by Cincinnati Bell by reporting negative information on Ms. Johnson's credit reports.

75.    Ms. Johnson had spent over a year disputing the Cincinnati Bell debt.

76.    As she repeatedly tried to explain, Cincinnati Bell erroneously charged her for services she did not order and did not want.

77.     The information reported by Diversified on Ms. Johnson consumer reports failed to note that the debt was disputed.

78.     In September 2013, Ms. Johnson sent dispute letters concerning the information reported by Diversified to Diversified, Equifax, Experian, and Trans Union.

79.     As a result of these letters, Equifax, Experian, and Trans Union deleted the Diversified information.

80.     Diversified never responded to Ms. Johnson's dispute letters.

## VI.     Facts Relating to Cavalry Portfolio Services, LLC and Financial Recovery Services, Inc.

81.     In early October 2013, Ms. Johnson received and reviewed an updated credit report from Trans Union.

82.     Ms. Johnson's Trans Union credit report states that Cavalry requested and received a copy of her Trans Union consumer report on March 28, 2013, and that FRS requested and received a copy of her consumer report on March 14, 2013.

83.     Ms. Johnson has no known relationship with either Cavalry or FRS.

84.     Ms. Johnson does not have an account with either Cavalry or FRS.

85.     Neither Cavalry nor FRS has ever contacted Ms. Johnson concerning collection of a debt from her.

86.     Neither Cavalry nor FRS has ever extended a firm offer of credit to Ms. Johnson.

87.     Upon information and belief, neither Cavalry nor FRS had a permissible purpose for requesting Ms. Johnson's credit report.

### CLAIMS FOR RELIEF

## I.     Claims against Capital One Auto Finance, Inc.

88.     The foregoing acts and omissions of Capital One Auto Finance, Inc. constitute violations of the FCRA, including, but not limited to:

### A.     Violation of 15 U.S.C. § 1681n

89.     After being informed by the credit reporting agencies that Mr. Johnson disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper investigation of the plaintiff's dispute, filed with three national consumer reporting agencies, that Capital One was reporting the wrong start date for the running of the limitations period for

reporting the debt as required by 15 U.S.C. § 1681s-2(b)(A).

90.     Capital One willfully failed to review all relevant information purportedly provided by such credit reporting agencies to Capital One in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

91.     Capital One willfully failed to direct such consumer reporting agencies to delete inaccurate information about Mr. Johnson pertaining to Capital One debt as required by 15 U.S.C. § 1681s-2(b)(C).

92.     Mr. Johnson has a private right of action to assert claims against Capital One arising under 15 U.S.C. § 1681s-2(b).

93.     Capital One is liable to Mr. Johnson for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### B.     Violation of 15 U.S.C. § 1681o

94.     After being informed by the credit reporting agencies that Mr. Johnson disputed the accuracy of the information it was providing Capital One negligently failed to conduct a proper investigation of the plaintiff's dispute, filed with three national consumer reporting agencies, that Capital One was reporting the wrong start date for the running of the limitations period for reporting the debt as required by 15 U.S.C. § 1681s-2(b)(A).

95.     Capital One negligently failed to review all relevant information purportedly provided by such credit reporting agencies to Capital One in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

96.     Capital One negligently failed to direct such consumer reporting agencies to delete inaccurate information about Mr. Johnson pertaining to the Capital One debt as required by 15 U.S.C. § 1681s-2(b)(C).

97.     Mr. Johnson has a private right of action to assert claims against Capital One arising under 15 U.S.C. § 1681s-2(b).

98.     Capital One is liable to Mr. Johnson for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## II.     Claims against Viking Client Services, Inc.

99.     The foregoing acts and omissions of Viking Client Services, Inc. constitute violations of the FCRA, including, but not limited to:

Viking knowingly and intentionally violated 15 U.S.C. § 1681b(f) by falsely and impermissibly requesting that one or more credit reporting agencies furnish it with a copy of Mr. Johnson's consumer report. Therefore, Viking is liable to Mr. Johnson for statutory damages of $1,000 that he has sustained by reason of Viking's violations of the FCRA, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### III.   Claims against Verifacts, Inc.

100.    The foregoing acts and omissions of Verifacts, Inc. constitute violations of the FCRA, including, but not limited to:

Verifacts knowingly and intentionally violated 15 U.S.C. § 1681b(f) by falsely and impermissibly requesting that one or more credit reporting agencies furnish it with a copy of Mr. Johnson's consumer report. Therefore, Verifacts is liable to Mr. Johnson for statutory damages of $1,000 that he has sustained by reason of Verifacts's violations of the FCRA, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### IV.   Claims against Experian Information Solutions, Inc.

#### A.   Violation of 15 U.S.C. § 1681e(b)

101.    The foregoing acts and omissions of Experian Information Solutions, Inc. constitute violations of the FCRA, including, but not limited to:

a. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Mr. Johnson.

b. As a result of Experian's conduct, action, and inaction, Mr. Johnson suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, denial of bonding, and the mental and emotional pain and anguish and the humiliation and embarrassment of these denials.

c. Experian's conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

d. Mr. Johnson is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**B.    Violation of 15 U.S.C. § 1681i**

102.    The foregoing acts and omissions of Experian Information Solutions, Inc. constitute violations of the FCRA, including, but not limited to:

a.  Experian violated 15 U.S.C. § 1681i by failing to correct the false information in Mr. Johnson's credit file relating to GLA Collection Company, Inc. and Capital One Finance, Inc. after receiving actual notice of this false information; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to GLA and Capital One; and by failing to maintain reasonable procedures with which to filter and verify disputed information in Mr. Johnson's credit file.

b.  As a result of Experian's conduct, action and inaction, Mr. Johnson suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, denial of bonding, and the mental and emotional pain and anguish and the humiliation and embarrassment of these denials.

c.  Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

d.  Mr. Johnson is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**V.    Claims against Diversified Adjustment Service, Inc.**

103.    The foregoing acts and omissions of Diversified Adjustment Service, Inc. constitute violations of the FDCPA, including, but not limited to:

a.  Violation of 15 U.S.C. § 1692e(2)(A): Diversified falsely represented that Ms. Johnson owed a debt that she did not in fact owe;

b.  Violation of 15 U.S.C. § 1692e(5): Diversified attempted or threatened to take an action that cannot be legally taken by reporting negative information about her to one or more consumer reporting agencies in an attempt to collect a debt she did not in fact owe;

c.  Violation of 15 U.S.C. § 1692e(10): Diversified falsely represented that Ms. Johnson owed a debt that she did not in fact owe;

d.  Violation of 15 U.S.C. § 1692f: Diversified used an unfair and unconscionable means to collect a debt by attempting to collect a debt from Ms. Johnson that she did not in fact owe; and

e.  Violation of 15 U.S.C. § 1692f(1): Diversified attempted to collect an amount not permitted by law by attempting to collect the principal amount of a debt that Ms.

Johnson did not in fact owe.

**VI.     Claims against Cavalry Portfolio Services, LLC and Financial Recovery Services, Inc.**

104.     The foregoing acts and omissions of Cavalry and FRS constitute violations of the FCRA, including, but not limited to:

Cavalry and FRS each knowingly and intentionally violated 15 U.S.C. § 1681b(f) by falsely and impermissibly requesting that one or more credit reporting agencies furnish it with a copy of Ms. Johnson's consumer report. Therefore, Cavalry and FRS are each liable to Ms. Johnson for statutory damages of $1,000 for each impermissible request or the actual damages she has sustained by reason of Cavalry and FRS violations of the FCRA, whichever are greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Jeffery and Joan Johnson request the Court grant them relief as follows:

a.     Award Plaintiffs actual damages against each Defendant;

b.     Award Plaintiffs statutory damages against each Defendant;

c.     Award Jeffery Johnson punitive damages against Capital One Auto Finance, Inc., Verifacts, Inc., and Experian Information Solutions, Inc.;

d.     Award Joan Johnson punitive damages against Cavalry Portfolio Services, LLC and Financial Recovery Services, Inc.;

e.     Award Plaintiffs reasonable attorney's fees and costs;

f.     A trial by jury;

g.     Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyclc.com

**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel:     (502) 371-2179
Fax:     (502) 257-7309
jmckenzie@jmckenzielaw.com